Case Number 2017L 001161
Transaction ID: 61108450
Date: Sep 12 2017 03:50PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

## Manitowoc County Sheriff's Office
Robert C. Hermann, Sheriff

### Certificate of Service

| | | |
|---|---|---|
| Docket No: 2017L001161 | | Civil Process No.: 2017-00001704 |
| Expiration Date: _____ | Received Date: 08/29/2017 10:00:00 | Court Date: _____ |

**Civil Paper:** SUMMONS AND CIVIL COMPLAINT

**TINA M HILL,**
*Plaintiff*

vs.

**HG WEBER & COMPANY,**     725 FREMONT ST KIEL, WI 53042
*Defendant*

---

**Person to be Served:** HG WEBER & COMPANY,
**Address:** 725 FREMONT ST
KIEL, WI 53042

Race: _____
Sex: _____

---

**I certify that I have served this process on the defendant as follows:**

___ **Personal Service:** By leaving a copy of the document with the person to be served personally.

___ **Substitute Service:** By leaving a copy of the document at the defendant's residence of the person to be served with a person of the family, of the age of 14 years or older, and informing that person of the contents.

    Name: _____ Relationship: _____

✓ **Service on Corporation / Business:** By leaving a copy of the document with the Registered Agent or Authorized person.

    Name: Jason Hassel     Title: CFO

**Person Served** HG Weber & Company
**Address where Served** 725 Fremont St
**City/State** Kiel, WI

Signature: [signature]     Emp# 502
Title: Deputy     Date: 9/5/17     Time: 1120

---

**The Named Defendant was NOT served because:**
☐ Moved    ☐ Returned Per Atty.    ☐ Wrong Address
☐ Other Reason _____

Returned By: _____    Emp# _____    Title _____
Date: _____    Time: _____    Service Fee: $40   NB

**EXHIBIT 2**

IN THE THIRD JUDICIAL CIRCUIT COURT
MADISON COUNTY
STATE OF ILLINOIS

FILED
AUG 15 2017
CLERK OF CIRCUIT COURT #9
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

TINA M. HILL, )
 )
    Plaintiff, )
 )
vs. ) Case No. 17-L-1161
 )
H.G. WEBER & COMPANY, INC., )
 )
    *Serve Registered Agent:* )
    Jason Hassel )
    725 Fremont St. )
    Kiel, WI 53042 )
 )
    Defendant. )

## COMPLAINT

Plaintiff Tina M. Hill, through counsel, Richard J. Zalasky, Ashley E. Vaughan and Brown & Crouppen, P.C., states as follows for her Complaint against the defendant, H. G. Weber & Company, Inc.:

1. This action seeks compensatory damages for acute injuries suffered by plaintiff Tina M. Hill on March 15, 2017 while working for Gateway Packaging Company ("Gateway") in Granite City, Illinois. The plaintiff's hair and scalp were ripped off her skull when her hair and/or hair netting was caught in an unguarded, rotating roller of a bag machine designed, manufactured, sold, distributed and serviced by the defendant, that was in use at Gateway's plant to make pet food bags.

2. Venue is proper in this court because the cause of action accrued in Madison County, Illinois.

3. Plaintiff Tina M. Hill is a citizen and resident of Madison County, Illinois.

1

4. Defendant H. G. Weber & Company, Inc. ("H. G. Weber") is a foreign corporation doing business in the State of Illinois on an on-going basis through the sale and technical servicing of machinery that it designs, manufactures, sells and distributes including, but not limited to, the bag machines/systems that it sold to Gateway at a cost of approximately $1,000,000 per machine/system.

5. On March 15, 2017, the plaintiff was employed by Gateway at its facility in Granite City, Illinois, and during the course of that day she was assigned to operate a variable size bag machine/system designed, manufactured, sold, distributed and serviced by defendant H. G. Weber.

### Count I-Product Liability-H. G. Weber & Company, Inc.

Plaintiff Hill, through counsel, states as follows for Count I of her Complaint against defendant H. G. Weber:

6. Plaintiff realleges paragraphs 1-5 of this Complaint.

7. The bag machine/system that the plaintiff was operating on March 15, 2017 was purchased by Gateway from H. G. Weber in 2015 at a cost of approximately $1,000,000.

8. The bag machine/system was designed and manufactured to automatically fill a trough or pan with glue, which was applied to the paper web that ran through the machine by virtue of a number of rotating rollers during the manufacturing process. This part of the machine – where the plaintiff's injury occurred – is known as the "spot paste" section. H. G. Weber chose a light sensor to determine the level of glue in the trough or pan, and when glue needed to be added to it.

9. The method that H. G. Weber selected to fill the trough or pan with glue was defective and unreasonably dangerous, because glue regularly poured out of the trough or pan onto

the floor of the plant beneath a portion of the machine that had unguarded, rotating rollers and sprockets.

10. In an effort to prevent glue from getting onto the floor of the plant, buckets were placed beneath the machine to collect the glue before it hit the floor. These buckets would fill with glue during the manufacturing process, necessitating that they be removed, emptied, and replaced for continued operation of the plant. Also at times, glue would spill onto the floor of the plant necessitating that someone get beneath the machine to clean it up.

11. During operation of the bag machine/system on March 15, 2017, the plaintiff's hair and/or hair netting was caught in an unguarded, rotating roller of the machine, while she was beneath the machine due to glue that had overflowed from the trough or pan. The machine continued to operate after her hair and/or hair netting was caught in the unguarded, rotating roller, causing her hair and scalp to be ripped off her skull.

12. On March 15, 2017, the bag machine/system that caused injuries to the plaintiff was then and there in the same or similar condition as it was at the time of its sale and distribution, and/or any changes therein were foreseeable, and the bag machine/system was then and there defective and unreasonably dangerous as alleged below.

13. The bag machine/system was being used in a manner on March 15, 2017 that was or should have been reasonably anticipated at the time that it was designed, manufactured, distributed and sold.

14. At the time of her injuries, the plaintiff was using the bag machine/system in a manner that was or should have been reasonably anticipated at the time that it was designed, manufactured, distributed and sold.

3

ACCORDINGLY, plaintiff Tina M. Hill requests that the Court enter judgment in her favor and against defendant H. G. Weber on Count I for actual damages as determined at trial, plus post-judgment interest and costs of suit, all of which are in excess of $50,000.

### Count II-Negligence-H. G. Weber & Company, Inc.

Plaintiff Hill, through Counsel, states as follows for Count II of her Complaint against defendant H. G. Weber:

17. Plaintiff realleges paragraphs 1 - 14 of this Complaint.

18. The bag machine/system that caused injuries and damages to the plaintiff w a s unreasonably dangerous and defective in design and manufacture due to the negligence of this defendant in one or more of the following respects:

    (a) It provided a machine that lacked effective guards to prevent inadvertent contact with motion hazards;

    (b) It provided a machine that lacked an emergency shut-off at the point where users were exposed to motion hazards;

    (c) It provided a machine that lacked an audible device to warn users that they were too close to motion hazards;

    (d) It provided a machine that failed to adequately warn of the danger related to the exposed rollers of the machine;

    (e) It provided a machine that lacked a motion hazard safeguarding device to prevent and/or stop the normal operation of the machine if users entered the hazardous area; and

    (f) It provided a machine that allowed glue to overflow from the trough or pan onto the floor during operation.

19. As a direct result of the negligence of the defendant in one or more of these respects, the plaintiff's hair and/or hair netting and scalp was caught by an unguarded roller of the machine causing her hair and scalp to be ripped off her skull; she has suffered great pain of the mind and body and will continue to suffer great pain of mind and body; she has suffered

5

significant disfigurement that is permanent; she has sought and received medical care and attention and will continue to receive medical care and attention; she has incurred medical expenses and will continue to incur medical expenses; she has lost wages, benefits and earning capacity and will continue to lose wages, benefits and earning capacity; all to her damage.

ACCORDINGLY, plaintiff Tina M. Hill requests that the Court enter judgment in her favor and against defendant H. G. Weber on Count II for actual damages as determined at trial, plus post-judgment interest and costs of suit, all of which are in excess of $50,000.

BROWN & CROUPPEN, P.C.

*[signature]*

Richard J. Zalasky, #6186539
Ashley E. Vaughan, #6319551
211 N. Broadway, Ste. 1600
St. Louis, MO 63102
(314) 222-2222
(314) 421-0359 (Fax)
RichZ@GetBC.com
AshleyV@GetBC.com
pipleadings@getbc.com

*Counsel for Plaintiff*