IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TINA M. HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:17-CV-1051 |
| ) | |
| H.G. WEBER & COMPANY, INC., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

### ANSWER OF DEFENDANT H.G. WEBER & COMPANY, INC. TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant H.G. Weber & Company, Inc., by and through counsel, and for its Answer to Plaintiff's Complaint states as follows:

1. This Defendant denies the allegations contained in paragraph 1 of Plaintiff's Complaint and further denies that Plaintiff has a cause of action against this Defendant.

2. The allegations contained in paragraph 2 of Plaintiff's Complaint are legal conclusions for which no response is necessary.

3. This Defendant has insufficient information to admit or deny the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. This Defendant admits that it is a foreign corporation. This Defendant denies that remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

5. This Defendant has insufficient information to admit or deny the allegations contained in paragraph 5 and therefore denies same.

### COUNT I

6. This Defendant incorporates its responses to paragraphs 1-5 of Plaintiff's Complaint as if they were fully stated herein.

7. This Defendant admits that it sold a bag machine/system to Gateway in 2015. This Defendant has insufficient information to admit or deny if Plaintiff was operating said bag machine/system on March 15, 2017.

8. This Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. This Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. This Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. This Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. This Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. This Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. This Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. This Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint including all subparagraphs therein.

16. This Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

## COUNT II

17. This Defendant incorporates its responses to paragraphs 1-14 of Plaintiff's

Complaint as if they were fully stated herein.

18. This Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint including all subparagraphs therein.

19. This Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

COMES NOW Defendant H.G. Weber & Company, by and through counsel, and raises the following affirmative defenses to all Counts of Plaintiff's Complaint:

1. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted against this Defendant.

2. This Defendant continues to deny the allegations as aforesaid, but states hypothetically and in the alternative that should it be determined that Plaintiff is entitled to recover under any of the allegations in Plaintiff's Complaint, then this Defendant states that Plaintiff's damages, if any, were directly caused or contributed to by Plaintiff's own negligence or fault, and Plaintiff's verdict must be reduced by such fault as determined by the trier of fact, such fault consisting of one or more of the following:

    a. Plaintiff failed to keep a proper lookout;

    c. Plaintiff assumed the risk of going underneath the bag machine/system while it was still operational;

    b. Plaintiff moved from a place of safety to a place of increased danger; and/or

    c. Plaintiff has failed to mitigate her damages.

3. For its further affirmative defense, this Defendant states hypothetically, and in the alternative, without admitting any facts contained in Plaintiff's Complaint, and while continuing to deny same, that the fault on the part of the Plaintiff as noted in paragraph 2 was more than 50% of the total proximate cause of the alleged injuries, and therefore there is no liability on the part of this Defendant. See, Subsection 2-1116 of the Code of Civil Procedure (735 ILCS 5/2-1116).

4. For its further affirmative defense, this Defendant states hypothetically and in the alternative, without admitting any facts contained in Plaintiff's Complaint, and while continuing to deny same, that Plaintiff's claims are barred because the product in question was the state-of-the-art at the time of its design and installation.

5. For its further affirmative defense, this Defendant states hypothetically and in the alternative, without admitting any facts contained in Plaintiff's Complaint, and while continuing to deny same, that Plaintiff's alleged injuries or damages resulted from the acts or omissions of persons or entities for which this Defendant is neither liable nor responsible, including, but not limited to, the acts and/or omissions of Gateway Packaging.  Such acts or omissions on the part of others constitute independent and intervening and/or superseding proximate cause of Plaintiff's alleged injuries or damages.

6. For its further affirmative defense, this Defendant states hypothetically and in the alternative, without admitting any facts contained in Plaintiff's Complaint, and while continuing to deny same, that the injuries and damages alleged by Plaintiff were caused, in whole or in part, by parties other than this Defendant, who constitute sophisticated purchasers and users of the product and acted as learned intermediaries in the application and appropriateness of their use.

7.	For its further affirmative defense, this Defendant states hypothetically and in the alternative, without admitting any facts contained in Plaintiff's Complaint, and while continuing to deny same, that any and all injuries or damages alleged to have been sustained by Plaintiff occurred as the result of intervening causes beyond the control of this Defendant.

8.	For its further affirmative defense to Plaintiff's Complaint, this Defendant states hypothetically and in the alternative, without admitting any allegations in Plaintiff's Complaint, and while continuing to deny same, that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff or others misused the product at issue.

9.	For its further affirmative defense to Plaintiff's Complaint, this Defendant states hypothetically and in the alternative, without admitting any allegations in Plaintiff's Complaint, and while continuing to deny same, that Plaintiff's claims are barred, in whole or in part, in that the product was not used in the manner it was intended to be used.

10.	For its further affirmative defense, this Defendant states hypothetically and in the alternative, without admitting any facts contained in Plaintiff's Complaint, and while continuing to deny same, that Plaintiff's claims are barred in whole or in part in that the product at issue was altered or modified prior to the incident at issue.

11.	For its further affirmative defense to Plaintiff's Complaint, this Defendant states hypothetically and in the alternative, without admitting any allegations in Plaintiff's Complaint, and while continuing to deny same, that Plaintiff's claims are barred because Plaintiff incurred or assumed the risk of which the Plaintiff complains in this action.

12.	For its further affirmative defense to Plaintiff's Complaint, this Defendant states hypothetically and in the alternative, without admitting any allegations in Plaintiff's Complaint,

and while continuing to deny same, that Plaintiff's claims are barred because the condition Plaintiff alleges was open and obvious.

13. Defendant denies the allegations as aforesaid, but states alternatively and for further defense that if it manufactured or sold the product as alleged, Plaintiff is nevertheless not entitled to recover by reason of the acceptance doctrine. If Defendant manufactured and/or sold the machine, Defendant then states that the machine was accepted by the ultimate user and taken into that user's possession, installed as a fixture or part of the user's premises and put to use prior to the accident alleged by Plaintiff. No imminently dangerous defect existed that was so hidden and concealed that a reasonably careful inspection would not have disclosed, and any defect which was known or could be known by this Defendant was known to the purchaser.

14. Defendant denies the allegations as aforesaid, but states alternatively and for further defense that Defendant is not liable to Plaintiff under any count of Plaintiff's Complaint by reason of the plans and specifications doctrine. If the machine was one manufactured and/or sold by this Defendant, then it was manufactured, sold and installed pursuant to the plans and specifications of the purchaser. The machine was accepted, taken into possession and put into use by the purchaser prior to the accident alleged in Plaintiff's Complaint. The purchaser did not rely on specialized knowledge of Defendant for the manufacturing and/or plans or specifications as to the machine. The machine was not so obviously dangerous that Defendant or other competent manufacturer would realize that there was a grave chance that the product would be dangerously unsafe. There was no danger in the product which was known or should have been known by this Defendant and was not known or should not have been known by the purchaser.

15. Defendant denies the allegations as aforesaid, but states alternatively and for further defense that Plaintiff's employer was an ultimate user of the product mentioned in

Plaintiff's Complaint and was fully informed and had knowledge of any dangers existing in the use of the particular product through information furnished to the ultimate user by this Defendant or others.  Said user was a sophisticated user of the product and in a position, and with an obligation or duty, to warn, instruct and control the use of the product in light of dangers, if any, which may have existed.  Therefore, Defendant could reasonably rely on Plaintiff's employer to warn, instruct, and protect employees from any dangers, if any, which may have existed including passing on any instructions and warnings from Defendant or others.  By reason of such, Plaintiff is barred from recovery against this Defendant under the circumstances alleged in Plaintiff's Complaint as to all claims.

16. This Defendant reserves the right to rely upon such other affirmative defenses as may become available or apparent during the course of discovery, and reserves the right to amend its Answer to assert those defenses.

17. Defendant hereby requests trial by jury.

WHEREFORE, Defendant H.G. Weber & Company, Inc. respectfully requests judgment in its favor, as well as its costs incurred herein, and for any further relief as this Court deems appropriate under the circumstances.

**RYNEARSON, SUESS,
SCHNURBUSCH & CHAMPION, LLC**

BY    */s/ Heather J. Hays*
   Jeffrey K. Suess          #6197165
   Heather J. Hays          #6269921
   Attorneys for Defendant
   500 N. Broadway, Ste. 1550
   St. Louis, MO  63102
   Phone:  314-421-4430
   Fax:  314-421-4431
   *jsuess@rssclaw.com*
   *hhays@rssclaw.com*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 28th day of September 2017, a true and correct copy of the foregoing was sent by the Court's electronic filing system and by first-class mail postage pre-paid to: Richard J. Zalasky/Ashley E. Vaughan, Brown & Crouppen, P.C., 211 N. Broadway, Ste. 1600, St. Louis, MO 63102.

                                                                                                  */s/ Heather J. Hays*